NEM:SMS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT & AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| KEVIN TAPIA, | (18 U.S.C. §§ 924(c)(1)(A)(i) and 2; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II)) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X   24-MJ- 626

EASTERN DISTRICT OF NEW YORK, SS:

JOSEPH WELDON, being duly sworn, deposes and states that he is a Task Force Officer with the Drug Enforcement Administration ("DEA") and a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

On or about November 17, 2024, within the Eastern District of New York and elsewhere, the defendant KEVIN TAPIA, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II))

On or about November 17, 2024, within the Eastern District of New York and elsewhere, the defendant KEVIN TAPIA, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the

crime set forth above, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am an NYPD Detective and a Task Force Officer with the DEA. I have been an NYPD Detective since 2006, and I have been an DEA Task Force Officer for approximately nine months. I am familiar with the facts and circumstances set forth below from my participation in the investigation, as well as my review of the investigative file, indoor and outdoor surveillance camera videos, and reports of other law enforcement officers involved in the investigation.

2. The defendant, KEVIN TAPIA ("TAPIA"), resides in a third-floor apartment (the "Subject Apartment") in a building located in Brooklyn, New York (the "Subject Building"). On or about November 17, 2024, TAPIA's neighbor—who resided in the adjacent apartment on the third floor (the "Neighbor")—heard a loud noise in the hallway of the Neighbor's apartment within the Subject Building. The Neighbor went into the hallway of the Neighbor's apartment and observed a hole in the Neighbor's wall. The Neighbor observed a metal object on the floor, picked up the object, and determined that it was a bullet. The Neighbor thereafter called 911 and reported the incident, to which the NYPD responded. The Neighbor provided the bullet to NYPD responding officers.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

3. When the NYPD officers arrived at the Subject Building in response to the Neighbor's call, one of the officers observed an individual (believed to be defendant TAPIA) throw a package as well as a Macy's receipt out of one of the windows of the Subject Building, which was later determined to be a window of the Subject Apartment. The Macy's receipt had the defendant's name on it. The package was later determined to contain approximately 1.2 kilograms (2.64 pounds) of a white powdery substance that subsequently tested positive for cocaine.

4. NYPD officers later observed defendant TAPIA attempt to climb down the fire escape of the Subject Building from the same window from which the package and Macy's receipt had been thrown, which was later determined to be a window of the Subject Apartment. The defendant fell from the third floor to the second-floor landing, at which time approximately 13 Ziplock bags dropped from defendant TAPIA onto the ground. The Ziplock bags were later determined to contain a white substance that appeared to be crack cocaine. The responding officers thereafter apprehended the defendant. A photograph of the kilogram of cocaine, the bags of what appears to be crack cocaine as well as the bullet recovered by the Neighbor is included below:



3

5. Based on the above, the New York Supreme Court authorized a warrant to search the Subject Apartment—the same apartment from which, the gunshot came, the drugs were thrown, and the defendant exited onto the fire escape. Pursuant to the search warrant, NYPD officers searched the Subject Apartment and found a number of firearms—including an assault rifle—as well as a substantial quantity of controlled substances. Specifically, during the search, the officers recovered a duffle bag containing (1) one AK-47 assault rifle with 18 cartridges in the magazine; (2) six handguns each containing numerous cartridges of ammunition in their respective magazines; (3) approximately 408 loose cartridges of ammunition.

6. The officers also found a safe containing (1) approximately 1.9 kilograms (4.18 pounds) of a white powdery substance believed to be cocaine; (2) approximately $107,000 in cash; (3) two handgun magazines each loaded with approximately 16 cartridges of ammunition. The officers also recovered (1) approximately 3.1 kilograms of marijuana; (2) a plastic bag containing approximately nine oxycodone pills from within a kitchen cabinet; (3) two cash counting machines; and (4) one body armor vest. A photograph of the firearms, narcotics, and associated paraphernalia that were seized is included below:



WHEREFORE, your deponent respectfully requests that an arrest warrant for the defendant KEVIN TAPIA be issued so that he may be dealt with according to law.

/s/ Joseph Weldon

JOSEPH WELDON
Task Force Officer
U.S. Drug Enforcement Administration

Sworn to before me by telephone this
21st day of November, 2024

*Vera M. Scanlon*

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5